United States Bankruptcy Court
Northern District of California

In re:     Case No. 24-40209-WJL
Theya Prakashini Kanagaratnam     Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0971-4     User: admin     Page 1 of 1
Date Rcvd: May 17, 2024     Form ID: pdfeoc     Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol     Definition**
+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 19, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Theya Prakashini Kanagaratnam, 2316 Lakeshore Avenue #16, Oakland, CA 94606-1055 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 19, 2024     Signature:     /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 17, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Office of the U.S. Trustee/Oak | USTPRegion17.OA.ECF@usdoj.gov |
| Paul Mansdorf | paul@mansdorftrustee.com Paul.Mansdorf@txitrustee.com,ecf.alert+Mansdorf@titlexi.com |

TOTAL: 2



The following constitutes the order of the Court.
Signed: May 17, 2024

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

Theya Prakashini Kanagaratnam,

Debtor.

Case No. 24-40209 WJL

Chapter 7

**AMENDED MEMORANDUM REGARDING DEBTOR'S**

**MOTION TO SUSPEND SALE**[1]

On February 15, 2024, pro se Debtor Theya Prakashini Kanagaratnam ("Debtor") filed a Chapter 7 Voluntary Petition. (Dkt. #1). In their schedule, Debtor listed an interest in a real property located at 2316 Lakeshore Ave., #16, Oakland, CA 94606. (*See* Schedule A/B, dkt. #11). On May 15, 2024, Debtor filed a *Motion for Urgent Action to Suspect the Sale of Petitioner's Home* indicating that a foreclosure sale of the subject property has been scheduled for May 21, 2024 and seeking the Court to intervene and enter an order suspending the purported sale. (Dkt. #21 at 4).

The Court notes that Debtor has not received a discharge as of the writing of this

---

[1] This memo is amended solely to correct the typo in the date that Debtor may receive a discharge. As indicated in this amended memo, the Court notes that Debtor may receive a discharge as early as Monday, May 20, 2024.

memorandum, although they may receive a discharge as early as Monday, May 20, 2024. In the meantime, the automatic stay under 11 U.S.C. § 362 still applies to the Debtor's bankruptcy estate which purportedly includes the subject property.

It appears to the Court that Debtor is seeking some kind of injunctive relief, from and after May 20, with respect to the sale of the subject property which appears to be scheduled on May 21, i.e, immediately after Debtor might receive a discharge and the automatic stay would no longer be in effect. The Court suggests that Debtor consult competent bankruptcy counsel, since any request for an injunction/ stay would have to be in the form of an adversary proceeding and Debtor would need to show good cause for the imposition of an injunction or a stay, which they have not done to this point.

**\*\*END OF AMENDED MEMORANDUM\*\***

**COURT SERVICE LIST**

**Theya Prakashini Kanagaratnam**

2316 Lakeshore Avenue #16

Oakland, CA 94606