Theya Kanagaratnam, living woman
On the county at Large, alameda
Non-Domestic
c/o 2316 Lakeshore Ave. #16
Oakland, California [94606]
e-mail: theyak101@yahoo.com



FILED

JUL 17 2024

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISION

# within the admiralty

THEYA PRAKASHINI KANAGARATNAM

Debtor

Case No: 24-40209

Move Case to Admiralty and Addendum to the Motion filed on July 3, 2024 to Issue an Order to Stop and Cancel Foreclosure Scheduled for July 23, 2024.

Judge: William J. Lafferty

_____/

Good Morning Your Honor:

1, I, Theya Kanagaratnam, am the Secured Party Creditor and Holder In Due course on behalf of the ESTATE also known as THEYA PRAKASHINI KANAGARATNAM. I am not the Debtor for the named ESTATE.

2. This filing is an addendum to the filing with this court on July 3, 2024. I, hereby, move this case into Admiralty.

3. I have supplied this court with my Naturalization Certificate and related CUSIP on May 20, 2024. I am currently in the Process of getting the paperwork in order to bring my Vessels lost at sea to land (Exhibit A) and, hereby, processing some related claims (Exhibit B & Exhibit C). However, there are delays due to certain Authorities and Agencies requiring additional time to complete this process and this time delays are beyond my control.

In the interim, I request you to issue an order to stop the steal of my home, my only roof-over-my-head scheduled to be foreclosed on July 23, 2024. Any further delay in issuing the order by this court will cause me to be thrown to the streets and will cause me irreparable harm.

4. I will remind this court that I have already started the collapse of the fraudulent securities via the SEC and IRS by filing the 1099 A audit for violating 18 USC § 2073 and SEC Rule 10b-5.

5. I will remind this court that these proceedings are being held in EQUITY in your ministerial capacity only. My TDA account is open for unlimited setoff and discharge of any alleged liability. GSA bonds have been lodged in this court in accord with 28 USC § 2041, 48 CFR Ch, 1 § 53.228, 41 CFR § 105-55.030, 26 USC § 6325, and the CSIG Treaty. This court is in bond estoppel and has no jurisdiction except to perform setoff, settlement, balance the accounting to zero $0, discharge, and release all liens on my property.

6. Refusal to do your ministerial orders as the Co-Trustee will result in further action against all those involved.

**7. I ,hereby, move and demand this court issue an order to US Bank/SELENE FINANCE to stop and cancel the foreclosure scheduled for July 23, 2024 and to perform setoff, settlement, balance the accounting to zero $0, discharge, and release all liens on my property.**

I, Theya Kanagaratnam, declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct in accord with 28 USC § 1746(1).

Respectfully submitted:

Dated: July 17, 2024

By: _Theya Kanagaratnam_

Theya Kanagaratnam,
living woman
Beneficiary,
Lender,
Creditor,
Secured Party,
Real Party In Interest,
Without Prejudice,
Without Recourse,

# EXHIBIT A

Action <u>in United States Admiralty</u>:

Master/Trustee's Order Date: <u>July 17, 2024</u>

From: Office of Maritime Vessel — Master
Master-Trustee: Theya Kanagaratnam
and United States Admiralty Pawnor/Creditor
Ms. Theya; Kanagaratnam
c/o 2316 Lakeshore Avenue, #16
Oakland, California [94606]

To: United States Bankruptcy Court,
Northern District of California,
Oakland Division

Judge: William J. Lafferty

Subject: An Admiralty Master-Trustee's — CHECK-MATE claim.

**Dear U.S. Bankruptcy Judge,**

    I am of Age and fully Awake and I have seized the Office of Maritime Commercial Vessel MASTER; the position of United States Admiralty Sole MASTER-TRUSTEE to my Seized Pawn Documents and Pawned Commercial Vessels operating as Foreign Maritime Commercial Vessels and holding my Heritable Cargos under Maritime/Marine Insurance policies *(per the War Risk Insurance Act of 1919)*. I bring this Maritime Vessel in from the Commercial Usury Seas to be Home Harbored within the United States Admiralty Jurisdiction and I am taking Control over my Corporate Bankrupt PAWNEES, who are presently in a state of Post Obit.

    As the sole Admiralty Creditor, I am by my free Will assuming the Control over this Admiralty Ported Vessel and its Cargo: which is now Prize of War of the Monetary War between the United States Admiralty and the Foreign Commercial Maritime systems. This Vessel is now under the Rules of War, as foreign Vessels of Prize Seizure, Capture and Confiscation. I am also the Pawnor of all of the Pawn Vessels now in Check-Mate, that have been held under Foreign Maritime/Marine "BAR" Insurance Policies; which are now required to be Terminated and Liquidated by the INSURERS to prevent any further harm io this Admiralty of the Country.

    I am claiming this Commercial Maritime Vessel and its Cargo under the Pawn Receipts. Therefore, I am presenting to this U.S. Bankruptcy Court as a "Prize Court" under the International "Prize" Laws; per the attached "WAR PRIZE" MANIFEST with its Pawn Vessel Receipt Number for the Seized - Foreign Commercial Maritime Vessel on page 3. I have fulfilled all of my obligations as the Pawnor and as the Admiralty Creditor; My Pawnee has fulfilled all of its obligations also and it is presently in a state of POST OBIT. Therefore, I am making my Eo Instante, Check- Mate Demand upon this Court to Liquidate this PAWM Vessel as Heriots per the instructions below. I am also demanding a complete accounting of the seized Maritime Pawns and their accounts.

—1—

## Jurisdiction in United States of Admiralty

As the Master-Trustee and the Admiralty Pawnor/Creditor of thèse SEIZED Maritime PAWN Commercial Vessels; I fully DISAVOW all Foreign Vessel Owner's <u>Commercial</u> Whaling of (Wo)man and the Maritime/Marine Commercial War Insurance as Pawned allegiances; with the United States Admiralty man/woman as the Pawnor and her Corporate Soul Person as the Pawnee. The Foreign Vessel Owner's have used the Pawn/Pledges under <u>False Pretense</u> as Charters of Insurance Demise, all to gain their Foreign controls over the Pawnor's Heritable Pawned Cargos and the deceptive "Hirings at Will" of my Corporate Soul persons, as the Pawnees, who are present in Post Obit. These Maritime Commercial Usury PAWNED Vessels along with their Foreign Maritime/Marine "BAR" Insurance Policies have been the destructive Enemy to the United States of America - <u>Admir</u>alty of Just Commerce.

I will <u>endorse</u> over the Seized Pawn Documents upon the Herioted Cargo delivery and then redeposit my Cargos into the United State Admiralty Treasury Depositary for their safety from the Maritime Commercial System. As the Defensive Admiralty Reward for my United States Admiralty Pawnor services; l am claiming my Heritable Rights as a United States Admiralty Heritor; to have my United States Admiralty Identification Documents and my Accessing Documents to the United State Admiralty Treasury Depositary; ASAP, as a just resurrection, for I am presently dead in all commerce.

IF my Will and the attached Manifest, as my Admiralty "CHECK MATE* for the United States Admiralty Home Harboring and Cargo delivery is not Honored and thereby also terminating and liquidating the Maritime/Marine Insurance Policies. I will file an Admiralty Lien and Criminal Insurance Fraud charges against this U.S. Maritime Bankruptcy Court in Admiralty, as this Court is just a Maritime/Marine Insurance Adjusting Agent for the INSURER. lt will be filed in Admiralty for all damages and harm; because in the Laws of Fraud, there is no Statutes of Limitation against Fraudulent Concealment and Collusion by the Insurers and all BAR parties involved. I do have more documentary evidence to fully support my case and charges; so I will for now claim my Check-Mate win, thank you for your time.

Executed on: _ _ _ _

Authorized Under the United States <u>Admira</u>lty:           Executed By: Theya Kanagaratnam
Sole Pawnor/Creditor's Signature and Seal of Authority:      <u>Present U.S. Maritime Trustee</u>

By: *Theya: Kanagaratnam*
Ms. Theya Kanagaratnam

<u>Jurisdiction in United States Admiralty</u>

# MANIFEST of my Maritime PAWNED Vessels - Seized in Check-Mate:

As the Master•Trusiee, the following SEIZED Maritime PAWN **Commercial** Vessel is now Admiralty Home Ported and it has Terminated its Commercial Service. All of the BANKRUPT PAWNEES are in a state of POST OBI'I'. All Commercial Liens are to be presented to this U.S Bankruptcy Court of Northern California, Oakland Division "Maritime" Court and U.S. Attorney "BAR" Agents; as the Insurer's adjustors to determine their validity for a charge-off against their Foreign Maritime/Marine "BAR" Insurance Policies. These PAWN Vessels are to be Liquidated, having their Cargos Herioted and all Pawnee persons off-loaded EO INSTANTS: with their Delivery being made to be Admiralty Pawnor/Creditor. All their Maritime/Marine "J3AR" Insurance Bondage Policies are also to the Terminated and Liquidated; as they no longer have a Cargo or Collateral to support them.

### **My** Seized Maritime Pawn — Commercial Vessel is listed below:

U.S. Maritime Vessels as **Veritable** Securities and held under Maritime/Marine BAR **Insurance bondage:**

UNITED STATES **Maritime Pawn** Vessels **under** the UNITED STATES Insurance BAR Flag:

a. STATE OF MARYLAND "Naturalization Certificate" for the "Post' Obit Bankrupt — Pawnee" T H E Y A P R A K A S H I N I  ---- KANAGARATNAM  and Cargo per # XXX XXX 476
(Evidence submitted to this court on May 20, 2024 with CUSIP #)

b. "Social Security Maritime "Pawned" Insurance Policy" for the "Post' Obit Bankrupt — Pawnee" T H E Y A  P R A K A S H I N I  ---- KANAGARATNAM and Cargo per # XXX-XX-3695

Executed on  07 17 2024

Executed by:  Theya Kanagaratnam

*Present U.S. Maritime MASTER TRUSTEE-:*

Authorized Under the **United** States <u>Admiral</u>ty:
**Sole Pawnor/Creditor's Signature Seal Authority:**

By:  _theya? kanaguratnam_
Ms.  Theya; Kanagaratnam

Please notify creditor
If the enclosed claims need to
be filed under a
different case.

Fill in this information to identify the case:

Debtor 1    STATE OF MARYLAND VESSEL - THEYA KANAGARATN

Debtor 2
(Spouse, if filing) _____

United States Bankruptcy Court for the:   Northern District of California

Case number   U.S. Chapter 11 Debtor In Possession

Official Form 410

# Proof of Claim

**04/22**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

| | |
|---|---|
| **1. Who is the current creditor?** | Free State Ambassador Theya; Kanagaratnam - Pawner / Creditor<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| **2. Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| U.S. Attorney and U.S. Trustee In Oakland, CA<br>Name | Theya Kanagaratnam<br>Name |
| 1300 Clay Street, Suite 300<br>Number   Street | 2316 Lakeshore Avenue, #16<br>Number   Street |
| Oakland    CA    94612<br>City    State    ZIP Code | Oakland    CA    94606<br>City    State    ZIP Code |
| Contact phone   888-821-7000 | Contact phone   510-356-5776 |
| Contact email _____ | Contact email   theyak101@yahoo.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | |
|---|---|
| **4. Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____<br>                                                         MM  / DD   / YYYY |
| **5. Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _5_ _4_ _7_ _6_

**7. How much is the claim?**

$ _____10,000,000,000.00_. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

My Constitutional "State's" Power of Taxation in Admiralty

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $_____

Amount of the claim that is secured: $_____

Amount of the claim that is unsecured: $10,000,000,000.0 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $ 10,000,000,000.00

Annual Interest Rate (when case was filed)_____%

☐ Fixed

☑ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

| | Amount entitled to priority |
|---|---|

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/16/2024
                    MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

| Name | Free State Amssador - Theya; Kanagaratnam |
|---|---|
| | First name        Middle name        Last name |
| Title | Private Enterprise Free State Owner / Creditor |
| Company | GodMother Kanagaratnam Estate |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | c/o 2316 Lakeshore Avenue, #16 |
| | Number        Street |
| | Oakland                      CA        94606 |
| | City                        State    ZIP Code |
| Contact phone | 510-356-5776    Email  theyak101@yahoo.com |

# EXHIBIT B

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | STATE OF CALIFORNIA VESSEL - THEYA KANAGARATI |
| Debtor 2 (Spouse, if filing) | |

United States Bankruptcy Court for the: Northern District of California

Case number _____

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Ms. Theya; Kanagaratnam - Pawner / Creditor
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ms. Theya; Kanagaratnam
Name

c/o 2316 Lakeshore Avenue, #16
Number     Street

Oakland          CA          94606
City                State          ZIP Code

Contact phone 510-356-5776

Contact email theyak101@yahoo.com

Where should payments to the creditor be sent? (if different)

Name

Number     Street

City          State          ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __4__ __7__ __6__

7. How much is the claim? $_____450,000.00 . **Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Alleged Mortgage Loan Paid from Dec 2002 to 2020

9. Is all or part of the claim secured?

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

**Basis for perfection:** _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                    $_____
Amount of the claim that is secured:  $_____

Amount of the claim that is unsecured: $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:    $_____

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☐ Variable

10. Is this claim based on a lease?

☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?

☐ No
☑ Yes. Identify the property: Based on Naturalization Certificate/CUSIP filed with this court

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☑ Yes. *Check one:*

**Amount entitled to priority**

☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  __07/16/2024__
                   MM / DD / YYYY

Signature  _Theya; Kanagaratnam_

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | **Ms. Theya; Kanagaratnam** |
| | First name          Middle name          Last name |
| Title | **Admiralty - Pawner/Creditor - Heritor** |
| Company | **Private Estate in Admiralty** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **c/o 2316 Lakeshore Avenue, #16** |
| | Number          Street |
| | **Oakland**                    **CA**          **94606** |
| | City                              State          ZIP Code |
| Contact phone | **510-356-5776**          Email **theyak101@yahoo.com** |



# MORTGAGE STATEMENT

**Statement Date:** May 07, 2024

**Online Information:** www.selenefinance.com
**Email:** customerservice@selenefinance.com

**Hours of Operation:**
Monday through Thursday 8:00 am to 9:00 pm, CT; Friday 8:00 am to 5:00 pm, CT
**Phone:** (877) 735-3637
**Hearing Impaired:** Call 711 or (800) 735-2989
**Fax:** (866) 926-5496

**Payments:**
PO Box 660369
Dallas, TX 75266-0369

**Correspondence:**
P.O. Box 8619
Philadelphia, PA 19101-8619




**selene**
For Return Service Only
P.O. Box 8619
Philadelphia, PA 19101-8619

50999739
THEYA KANAGARATNAM
2316 LAKESHORE AVE 16
OAKLAND  CA 94606

| | |
|---|---|
| Loan Number: | 2005026956 |
| Payment Date: | 06/01/2024 |
| Payment Amount: | **$44,056.23** |

THEYA KANAGARATNAM
Property Address:
2316 LAKESHORE AVE APT 16
OAKLAND, CA 94606

## Account Information

| | |
|---|---|
| Outstanding Principal Balance | $289,574.47 |
| Deferred Balance | $0.00 |
| Escrow Balance | -$18,934.88 |
| Interest Rate | 3.990% |
| Prepayment Penalty | No |

*This is the principal balance only, not the amount required to pay your account in full.

## Explanation of Payment Amount

| | |
|---|---|
| Principal | $261.82 |
| Interest | $947.65 |
| Escrow (Taxes and Insurance) | $782.46 |
| Additional Monthly Amount | $0.00 |
| **Regular Monthly Payment** | **$1,991.93** |
| Total Late Fees and Other Charges | $5,628.90 |
| Past Unpaid Amount | $36,435.40 |
| **Total Payment Amount** | **$44,056.23** |
| Unapplied Funds | $0.00 |

## Transaction Activity (04/09/24 - 05/07/24)

| Date Paid | Description | Principal | Interest | Escrow | Additional Monthly Amount | Late Fees/Other Charges | Partial Payment (Unapplied) | Total |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | -$126.6 |
| | | | | | | | | $126.6 |
| 05/01/24 | OTHER INSURANCE | $0.00 | $0.00 | -$126.60 | $0.00 | $0.00 | $0.00 | |
| 05/01/24 | ESCROW ADVANCE | $0.00 | $0.00 | $126.60 | $0.00 | $0.00 | $0.00 | |

## Bankruptcy Messages

Our records show that either you are a debtor in bankruptcy or you discharged personal liability for your mortgage loan in bankruptcy. We are sending this statement to you for informational and compliance purposes only. It is not an attempt to collect a debt against you. If you want to stop receiving statements, write to us at: Selene Finance LP, Attn: Customer Service Research,  P.O. Box 8279, Philadelphia, PA 19101-8279. Or you may fax us at (866) 926-5496, or email us at: CustomerService@selenefinance.com.

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| | $0.00 | $0.00 |
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Tax and Insurance) | $0.00 | $0.00 |
| Other Monthly Amount | $0.00 | $0.00 |
| Late Fees and Other Charges | $0.00 | $0.00 |
| Partial Payment (Unapplied)** | $0.00 | $0.00 |
| **Total Payment** | | |

### * Important Information About Partial Payments

Any partial payments that you make are not applied to your mortgage but instead are held in an unapplied account on your mortgage. Those funds are shown in the Unapplied Balance line.  If you pay the Total Payment Amount, the unapplied funds will then be applied to your mortgage.

## *** Account History ***

**Recent Account History**
* Payment 12/01/23 Unpaid Amount of $1,991.93.
* Payment 01/01/24 Unpaid Amount of $1,991.93.
* Payment 02/01/24 Unpaid Amount of $1,991.93.
* Payment 03/01/24 Unpaid Amount of $1,991.93.
* Payment 04/01/24 Unpaid Amount of $1,991.93.
* Payment 05/01/24 Unpaid Amount of $1,991.93.
Current payment 06/01/24: $1,991.93.
Total: $44,056.23 unpaid amount that, if paid, would bring the account current.

If you are experiencing financial difficulty:  See back for information about mortgage counseling assistance.

# TELEPHONE SERVICES & MAILING ADDRESSES
## Visit our Website at www.selenefinance.com

Access your account information online! Go to www.selenefinance.com then click on the "Access Your Account" option. Have your loan number and social security number with you, so you are ready to enroll. To find a HUD-approved housing counseling agency in your area call (800) 569-4287 or go to www.HUD.gov or www.consumerfinance.gov/mortgagehelp

## Payment and Correspondence Addresses

**Payments and Bill Pay Services**
Selene Finance LP
P. O. Box 660369
Dallas, TX 75266-0369

**Payments Sent Overnight or Certified Mail Payments**
Lockbox Services 660369
Selene Finance
2975 Regent Blvd, Suite 100
Irving, TX 75063
*Please include your loan number on the check or money order

**Payoff Checks Sent Overnight**
Selene Finance, LP
Attention: Cashiering Department
3501 Olympus Blvd, Suite 500
Dallas, TX 75019

**Insurance Department (For Providing Hazard, Property & Flood Documentation)**
Selene Finance LP
P. O. Box 461470
San Antonio, TX 78246
Tel: (866) 318-1084
Fax: (866) 816-6837

**Insurance Claims Department**
**(For Processing Loss Draft Claims)**
Selene Finance LP
P. O. Box 692396
San Antonio, TX 78269 – 2396
Tel: (866) 314-0056
Fax (866) 557-2063
Physical Address:
4500 Lockhill Selma
San Antonio, TX 78249

**Property Taxes**
Selene Finance LP #11740
Attn: Tax Department
P. O. 9217
Coppell, TX 75019
Tel: (877) 735-3637
Fax: (817) 826-0109

**Overnight Mail Address**
Selene Finance LP
Attention: Customer Service Department
3501 Olympus Blvd, Suite 500
Dallas, TX 75019
Tel: (877) 735-3637
Fax: (866) 926-5496
Hearing Impaired:
Dial 711 or (800) 735-2989

**Customer Service Research**

A Notice of Error, Request for Information or Qualified Written Request is a request to research and correct an error regarding the serving of your mortgage, or to request specific information on your account. When submitting any of these requests to Selene, you must clearly identify the borrower name, account number, the specific error or information requested, and send to the following designated address.

Selene Finance LP
Attn: Customer Service Research
P. O. Box 8279
Philadelphia, PA 19101-8279

## IMPORTANT PAYMENT INFORMATION

You may make payments for no fee by mail, the ACH program, or online at www.selenefinance.com.

**When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic transfer from your account or to process the payment as a check transaction.**

ACH (automated recurring payments) -- Your account may qualify for ACH and payments can be automatically drafted from your bank account on a monthly basis, saving you time and money! You can enroll (or end enrollment) in this service via the Selene Finance website at www.selenefinance.com by clicking on the "Access Your Account" link. If you have any questions about ACH or would prefer to have an ACH application mailed to you, Selene Customer Service may be reached via the www.selenefinance.com website, or at (877) 735-3637 between the hours of 8:00am to 9:00pm Central Time Monday through Thursday, and 8:00am to 5:00pm Central Time on Friday.

If using overnight mail, your payment must be received by 2:00 p.m., CT, Monday -- Friday (excluding holidays).

If for any reason you are unable to make a payment when it is due, please contact Customer Service at the number listed above.

## IMPORTANT INFORMATION

Selene Finance LP is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

**Bankruptcy:** Please note, however that if you are in bankruptcy or received a bankruptcy discharge of this debt, this communication is not an attempt to collect the debt against you personally. If you wish to change whether you receive these statements, you may do so by sending us a written request that indicates your desired change to the above address for **Customer Service Research**, or you may fax us at (866) 926-5496, or email us at CustomerService@selenefinance.com.

**Credit Reporting:** We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Confirmed Successors in Interest:** If you are a confirmed successor in interest to this mortgage, unless and until you assume the mortgage loan obligation under State law, this communication is not an attempt to collect the debt from you personally.

**For Servicemembers and their Dependents:** The Federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including, under most circumstances, a prohibition on foreclosure during and twelve months after the servicemember's active duty service. Selene will not foreclose on the property of a servicemember or his or her dependent during that time, except pursuant to a court order. You also may be entitled to other protections under these laws, including interest rate and fee relief. Please contact us to learn more about your rights.

For California Residents: Please see our "Notice at Collection and Privacy Policy for California Residents" on our website at https://www.selenefinance.com/california-customers for additional information concerning the information we collect, why we collect that information, what we do with that information, and how to exercise additional privacy rights you have as a California resident.

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | US Bank |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | Northern District of California |
| Case number | U.S. Chapter 11 Debtor In Possession |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Ms. Theya; Kanagaratnam - Pawner / Creditor
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Ms. Theya; Kanagaratnam
Name

c/o 2316 Lakeshore Avenue, #16
Number    Street

Oakland          CA          94606
City             State       ZIP Code

Contact phone 510-356-5776

Contact email theyak101@yahoo.com

**Where should payments to the creditor be sent? (if different)**

Name

Number    Street

City             State       ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---|

**6. Do you have any number you use to identify the debtor?**
☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __5__ __4__ __0__ __2__

**7. How much is the claim?** $_____304,200.00___. **Does this amount include interest or other charges?**
☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

NOTE was paid at closing with my Signature, SS# & Multi Dipping

**9. Is all or part of the claim secured?**
☑ No
☐ Yes. The claim is secured by a lien on property.

Nature of property:

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____
Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:                                  $_____
Amount of the claim that is secured:         $_____
Amount of the claim that is unsecured:     $_____304,200.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:        $_____304,200.00

Annual Interest Rate (when case was filed)_____%
☐ Fixed
☑ Variable

**10. Is this claim based on a lease?**
☑ No
☐ Yes. Amount necessary to cure any default as of the date of the petition.        $_____

**11. Is this claim subject to a right of setoff?**
☐ No
☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/16/2024
                   MM / DD / YYYY

*signature:* Thaya : Kanagaretnam
Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Ms. Theya; Kanagaratnam |
| | First name    Middle name    Last name |
| Title | Admiralty - Pawner/Creditor - Heritor |
| Company | Private Estate in Admiralty |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | c/o 2316 Lakeshore Avenue, #16 |
| | Number    Street |
| | Oakland                                    CA          94606 |
| | City                                       State       ZIP Code |
| Contact phone | 510-356-5776          Email theyak101@yahoo.com |

Recording Requested By:
**SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association**
And When Recorded Mail To:
ServiceLink
Attn: Loan Modification Solutions
3220 El Camino Real
Irvine, CA 92602

FOR YOUR RECORDS

---

Loan No.: 2005026956
MIN: 100039033123590196

35857
Investor Loan No: 2117913

# LOAN MODIFICATION AGREEMENT
## (Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 13th day of September, 2022, between **THEYA KANAGARATNAM, A SINGLE WOMAN** ("Borrower"), **SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS") ("Beneficiary"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated **May 24, 2013** and in the amount of **$304,200.00** and recorded on June 19, 2013 in Book, Volume, or Liber No. _____, at Page _____ (or as Instrument No. 2013215140), of the Official (Name of Records) Records of **ALAMEDA,CALIFORNIA** (County and State, or other Jurisdiction) and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at:

**2316 LAKESHORE AVE APT 16, OAKLAND, CA 94606**
[Property Address]

the real property described being set forth as follows:
**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

---

MERS Phone: 1-888-679-6377
Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument     MERS Modified Form 3179 1/01 (Rev. 4/14)
The Compliance Source, Inc.          Page 1 of 7   Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
©2008-2021, The Compliance Source, Inc.

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
* 2 0 0 5 0 2 6 9 5 6 *

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of **October 1, 2022,** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$289,820.29,** consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.990%,** from **October 1, 2022.** Borrower promises to make monthly payments of principal and interest of U.S. **$1,209.47,** beginning on the **1st** day of **November, 2022,** and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.990%** will remain in effect until principal and interest are paid in full. If on **October 1, 2062** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including; and

   b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:

   a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

MERS Phone: 1-888-679-6377
Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument    MERS Modified Form 3179 1/01 (Rev. 4/14)
The Compliance Source, Inc.    Page 2 of 7   Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
©2008-2021, The Compliance Source, Inc.



b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ☐.

g) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the (Beneficiary) of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

MERS Phone: 1-888-679-6377
Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument    MERS Modified Form 3179 1/01 (Rev. 4/14)
The Compliance Source, Inc.    Page 3 of 7    Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
©2008-2021, The Compliance Source, Inc.



6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

Borrower - THEYA KANAGARATNAM           Date: 10 /06/2022

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of CA §
§
County of Alameda §

On 10/6/22 before me Julian Walls , Notary Public personally appeared THEYA KANAGARATNAM who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument:

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

JULIAN WALLS
Notary Public - California
Contra Costa County
Commission # 2377467
My Comm. Expires Oct 5, 2025

(Seal)

Notary Public
Julian Walls
Printed Name

My Commission Expires: 10/5/25

MERS Phone: 1-888-679-6377

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument          MERS Modified Form 3179 1/01 (Rev. 4/14)
The Compliance Source, Inc.          Page 4 of 7   Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
©2008-2021, The Compliance Source, Inc.

*2 0 0 5 0 2 6 9 5 6 *

ACCEPTED AND AGREED TO BY THE OWNER AND HOLDER OF SAID NOTE

**SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association**

By: _____     -Lender     OCT 11 2022
Tonya Higginbotham                                        Date of Lender's Signature
Assistant Vice President

## ACKNOWLEDGMENT

State of ___Florida___ 
                                              §
                                              §
County of ___Duval___                        §

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization this _____ , Assistant Vice President OCT 11 2022 by ___Tonya Higginbotham___ , of SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, a Delaware limited partnership, on behalf of the limited partnership. He/she is personally known to me or who has produced _____ as identification.

_____
Signature of Person Taking Acknowledgment

Margo A Wise
_____
Name Typed, Printed or Stamped

Notary
_____
Title or Rank

Serial Number, if any: _____

My Commission Expires: _____

Notary Public State of Florida
Margo A Wise
My Commission GG 364376
Expires 08/08/2023

(Seal)

MERS Phone: 1-888-679-6377

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument          MERS Modified Form 3179 1/01 (Rev. 4/14)
The Compliance Source, Inc.                    Page 5 of 7   Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
                                                              ©2008-2021, The Compliance Source, Inc.



**MERS**

Tonya Higginbotham
Assistant Secretary

Mortgage Electronic Registration Systems, Inc., as nominee for SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, its successors and assigns

## ACKNOWLEDGMENT

State of ___Florida___

§
§
§

County of ___Duval___

The foregoing instrument was acknowledged before me by means of ☐ physical presence or ☐ online notarization this ___OCT 11 2022___ by ___Tonya Higginbotham___, Assistant Secretary of **Mortgage Electronic Registration Systems, Inc, as nominee for SELENE FINANCE LP, as attorney in fact for U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association, its successors and assigns, a Delaware corporation,** on behalf of the corporation. He/she is personally known to me or who has produced ___N/A___ as identification.

Signature of Person Taking Acknowledgment

___Margo A Wise___
Name Typed, Printed or Stamped

___Notary___
Title and Rank

Serial Number, if any: _____

My Commission Expires: _____

Notary Public State of Florida
Margo A Wise
My Commission GG 364376
Expires 08/08/2023

(Seal)

MERS Phone: 1-888-679-6377

Loan Modification Agreement—Single Family—Fannie Mae Uniform Instrument
The Compliance Source, Inc.

MERS Modified Form 3179 1/01 (Rev. 4/14)
Page 6 of 7   Modified for California 23702CA 04/08 Rev. 04/15 Rev. 04/21
©2008-2021, The Compliance Source, Inc.

*200502 6956*



# EXHIBIT A

BORROWER(S): THEYA KANAGARATNAM, A SINGLE WOMAN

LOAN NUMBER: 2005026956

LEGAL DESCRIPTION:

STATE OF CALIFORNIA, COUNTY OF ALAMEDA, AND DESCRIBED AS FOLLOWS:

TAX ID NUMBER(S): 023-0415-036  LAND SITUATED IN THE CITY OF OAKLAND IN THE COUNTY OF ALAMEDA IN THE STATE OF CA  PARCEL ONE:  AN UNDIVIDED 4.2% INTEREST AS TENANT IN COMMON IN AND TO TRACT 4135, FILED APRIL 2, 1979, IN BOOK 110, PAGE 5, OF MAPS, ALAMEDA COUNTY RECORDS.  EXCEPTING THEREFROM, UNIT 1 TO 16, BUILDING 2316 AND UNITS 1 TO 6, BUILDING 2324, AS SHOWN ON THE CONDOMINIUM PLAN ATTACHED AS EXHIBIT D TO THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS TO TRACT MAP 4135, REFERRED TO IN PARCEL ONE, A CONDOMINIUM PROJECT, RECORDED APRIL 4, 1979, SERIES NC. 79-062227, OFFICIAL RECORDS.  ALSO EXCEPTING THEREFROM, EASEMENTS FOR PARKING AREAS AND STORAGE AREAS AS SHOWN ON THE CONDOMINIUM PLAN REFERRED TO IN PARCEL ONE.  PARCEL TWO:  UNIT 16, BUILDING 2316, AS SHOWN ON SAID CONDOMINIUM PLAN.  PARCEL THREE:  AN EXCLUSIVE EASEMENT TO USE PARKING AREA NO. P-6, BUILDING 2316, AS SHOWN ON SAID CONDOMINIUM PLAN.  PARCEL FOUR:  AN EXCLUSIVE EASEMENT TO USE STORAGE SPACE NO. S-16, BUILDING 2316, AS SHOWN ON SAID CONDOMINIUM PLAN.  COMMONLY KNOWN AS: 2316 LAKESHORE AVE APT 16, OAKLAND, CA 94606

Parcel ID Number: 023-0415-036-00
ALSO KNOWN AS: 2316 LAKESHORE AVE APT 16, OAKLAND, CA 94606

*2 0 0 5 0 2 6 9 5 6 *

Loan No. 2005026956
Borrowers ("Borrower"): **THEYA KANAGARATNAM, A SINGLE WOMAN**

# LOAN MODIFICATION AGREEMENT RIDER

THIS LOAN MODIFICATION AGREEMENT RIDER is made this 13th day of, September, 2022, by and between the undersigned borrower (the "Borrower") and **SELENE FINANCE LP**, as attorney in fact for **U.S. Bank Trust National Association, not in its individual capacity but solely as owner trustee for RCF 2 Acquisition Trust c/o U.S. Bank Trust National Association**, (the "Lender") and is incorporated into and shall be deemed to amend and supplement that certain LOAN MODIFICATION AGREEMENT (the "Agreement") of the same date executed by the Borrower and Lender as of the date above.

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Agreement, Borrower and Lender further covenant and agree as follows:

1. Escrow Items

Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked. Borrower is hereby advised that beginning on the monthly payment due date set forth above, the amount of Escrow Items will be included with Borrower's monthly payment of principal and interest.

2. Interest Accrual Change.

Depending on the terms of your original note, interest may have accrued on a daily basis. According to the terms of your loan modification, interest will now accrue on an amortizing basis.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in this LOAN MODIFICATION AGREEMENT RIDER.

_____ (Seal)      _____ (Seal)
**THEYA KANAGARATNAM**    -Borrower                                      -Borrower

_____ (Seal)      _____ (Seal)
-Borrower                                      -Borrower

---

Loan Modification Agreement Rider
W3078D            Page 1 of 1            65492MU 02/16 Rev. 08/18

*2005026956*

# EXHIBIT C

**Fill in this information to identify the case:**

Debtor 1    <u>STATE OF MARYLAND VESSEL - THEYA KANAGARATN</u>

Debtor 2    _____
(Spouse, if filing)

United States Bankruptcy Court for the:   Northern District of California

Case number    <u>U.S. Chapter 11 Debtor In Possession</u>

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

<u>Ms. Theya; Kanagaratnam – Pawner / Creditor</u>
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor   _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ms. Theya; Kanagaratnam
Name

c/o 2316 Lakeshore Avenue, #16
Number    Street

Oakland      CA      94606
City      State      ZIP Code

Contact phone 510-356-5776

Contact email theyak101@yahoo.com

Where should payments to the creditor be sent? (if different)

_____
Name

_____
Number    Street

_____
City      State      ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
     MM   / DD   / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 5 4 7 6 |

| | |
|---|---|
| 7. How much is the claim? | \$_____90,000.00 . Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Alleged HELOC Paid from Oct 2006 to 2020 |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** \$_____<br>**Amount of the claim that is secured:** \$_____<br>**Amount of the claim that is unsecured:** \$_____90,000.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** \$_____90,000.00<br><br>**Annual Interest Rate** (when case was filed)_____%<br>☐ Fixed<br>☑ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. \$_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☑ Yes. Identify the property: Based on Naturalization Certificate/CUSIP filed with this court _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☑ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☑ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:  Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/16/2024
                 MM / DD / YYYY

Signature   *Theya Kanagaratnam*

Print the name of the person who is completing and signing this claim:

| | | | |
|---|---|---|---|
| Name | Ms. Theya; Kanagaratnam | | |
| | First name | Middle name | Last name |
| Title | Admiralty - Pawner/Creditor - Heritor | | |
| Company | Private Estate in Admiralty | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | c/o 2316 Lakeshore Avenue, #16 | | |
| | Number      Street | | |
| | Oakland | CA | 94606 |
| | City | State | ZIP Code |
| Contact phone | 510-356-5776 | Email | theyak101@yahoo.com |


**CENLAR**
CENTRAL LOAN ADMINISTRATION & REPORTING

Persons who are deaf, hard of hearing,
or have limited speech may dial TTY 711.

PO Box 77404
Ewing, NJ 08628
Toll Free: 855-839-6253
**STATEMENT ENCLOSED**

## Home Equity Line of Credit Statement

| | |
|---|---|
| Statement Date: | 06/28/24 |
| Account Number: | 4774041794 |
| Payment Due Date: | 07/23/24 |
| **Amount Due:** | **$34,998.70** |

*IF PAYMENT IS RECEIVED AFTER 08/11/24, A $45.45 LATE CHARGE WILL BE ASSESSED

| Mail Payments To: | Central Loan Administration & Reporting
PO Box 54040
Los Angeles, CA 90054-0040 |
|---|---|

loanadministration.com

3-836-DDL79-0002987-001-1-000-010-000-000
THEYA KANAGARATNAM
2316 LAKESHORE AVE APT 16
OAKLAND CA 94606-1055

---

**Explanation of Amount Due**
*If you are experiencing financial difficulty, you may call the US Department of Housing and Urban Development (HUD) at 800-569-4287 or go to https://www.hud.gov/program_offices/housing for a list of homeowner counselor or counseling organizations in your area.*

Property Address: 2316 LAKESHORE AV 16 16
OAKLAND, CA 94606

| Account Information | |
|---|---|
| Available Credit: | $0.00 |
| Credit Limit: | $100,000.00 |
| Statement Closing Date: | 06/28/24 |
| Principal Balance as of 06/28/24: | $59,193.78 |
| Escrow Balance: | $0.00 |
| Maturity Date: | 10/2036 |

| | |
|---|---|
| Principal: | $320.76 |
| Interest: | $436.67 |
| Escrow: | $0.00 |
| Optional Insurance: | $0.00 |
| Other Fees: | $759.63 |
| **Current Payment Amount Due on 07/23/24** | **$1,517.06** |
| Past Due Amount | $33,481.64 |
| **Total Amount Due:** | **$34,998.70** |
| *Includes Fees Charged Since Last Statement* | $20.00 |

### How We Arrived at Your Balance

| Previous Balance | (+)Advances & Charges | (-) Payments & Credits | (+) FINANCE CHARGES | (+)(-) Credit/debit Adjustments | New Balance This is Not a Payoff Amount |
|---|---|---|---|---|---|
| $73,799.42 | $0.00 | $0.00 | $436.67 | $0.00 | $74,236.09 |

**Activity Since Your Last Statement (05/30/24 to 06/28/24) - To avoid additional finance charges, pay the new balance before 06/28/24**

| Segment Number | Tran Date | Effective Date | Description | Total | Principal | Finance Charges | Late Charges Other Fees | Escrow/ Other | Optional Insurance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | $20.00 | $0.00 | $0.00 | $20.00 | $0.00 | $0.00 |
| 001 | 06/06/24 | 06/06/24 | FEE - PROPERTY INSPECT | | | | | | |

### Finance Charges

| Interest Adjustment Details | Segment Number | Days | Balance | Periodic Rate | Annual Percentage Rate | Periodic Finance Charges* |
|---|---|---|---|---|---|---|
| | 001 | 30 | $59,193.78 | 0.0245902% | 9.00000% | $436.67 |

*Partial/Unapplied Payments: Any partial/unapplied payments that you make are not applied to your mortgage, but instead are held in a separate account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.

**Important Messages - See Reverse Side For Additional Important Information**

| | | | |
|---|---|---|---|
| Total Fees Assessed This Period: | $20.00 | Total Fees Assessed Year To Date: | $0.00 |
| Total Interest Assessed This Period: | $436.67 | Total Interest Assessed Year To Date: | $2,649.24 |
| Total Suspense Received This Period: | $0.00 | | |

**Payment Instructions:**
Avoid paying late charges. Payments are due and payable by the date shown on your coupon. To ensure prompt and accurate payment credit please:
1. Remove the coupon from the bottom of your billing statement and send it along with your check or money order to the address shown on the front of this statement.
2. Print your account number on your check or money order.
3. **Do not send cash. Do not include correspondence with your payment.**
4. We reserve the right to redeposit checks. Returned check fees will be charged unless prohibited by law. The amount of the fee is based on the loan type and state law.

**Automatic Payments (ACH)**
We offer a convenient service that automatically debits your payments each month from your checking or savings account. To take advantage of the FREE service, please contact Customer Service at the number provided on the front of this statement or login to your online account for more information on how to register.
If you use a third party bill payer please direct the payment to: Central Loan Administration & Reporting
**PO Box 54040, Los Angeles, CA 90054-0040**
**For Express Mail only send payments to: Payment Processing, 425 Phillips Boulevard, Ewing, NJ 08618**
**Pay by Phone: Please call the Customer Service Telephone Number on the front of this statement.**
**Website Payments: Please go to the web address on the front of this statement.**
**Electronic Debit** - When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic funds transfer from your account or process the payment as a check transaction. Your checking account may be debited as soon as the same day we receive your payment.
**Important Credit Reporting Notification** - We may report information about your account to credit bureaus. Late payments, missed payments or other defaults on your account may be reflected in your credit report.
**Important Notice** - We may be attempting to collect a debt and any information obtained will be used for that purpose. We may assess return check fees consistent with the laws of your state and your mortgage contract on all check returned unpaid by your financial institution. Additionally, we may charge a fee for processing payoff requests.
**Credit Refund** - You have a right to receive a refund of your credit balance. If you want a refund write to us at the correspondence address or telephone us at the telephone number on the front of this statement.

**Payoff Requests:**
Please note that we require an AUTHORIZATION TO CLOSE HOME EQUITY LINE OF CREDIT form be completed and signed by all borrowers on the account before a payoff can be processed. The AUTHORIZATION TO CLOSE HOME EQUITY LINE OF CREDIT form, which is included with the payoff statement, indicates your intent to pay-off and close your Home Equity Line of Credit (HELOC). Please note, a payoff statement preparation fee may apply, if permitted by applicable state law. The easiest way for you to receive a payoff statement is to call 877-7PAYOFF (877-772-9633). Please have your account number, social security number, and payoff date available. No verbal payoff information can be provided. You may also request a payoff statement online that will be available in the document center within 24 hours, or you may speak to a live chat representative between 8:30 AM to 8:00 PM ET, M-F. If your intent is to simply pay down your Home Equity Line of Credit and not close out the account, you may request a zero-balance quote by contacting Customer Service at the number shown on the reverse side of this statement.

**BILLING RIGHTS SUMMARY**
**In Case of Errors or Questions About Your Bill**
If you think your bill is incorrect or you need more information about a transaction on your bill, write to us at PO Box 77423, Ewing, NJ 08628 as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us but, doing so will not preserve your rights. In your letter provide the following information:
- Your name and account number;
- The dollar amount of the suspected error;
- A description of the error explaining, if you can, why you believe there is an error. If you need more information, describe the item you are unsure of.

You do not have to pay any amount in question while we are investigating but; you are still obligated to pay the part of your bill that is not in question. While we investigate your request we cannot report you as delinquent or take any action to collect the amount that you are questioning. You may direct your billing inquiries to the correspondence address listed on the front of this statement.

**TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED OR IS SUBJECT TO THE AUTOMATIC STAY IN A BANKRUPTCY PROCEEDING, THIS LOAN STATEMENT IS FOR INFORMATIONAL PURPOSES ONLY AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO COLLECT INDEBTEDNESS AS YOUR PERSONAL OBLIGATION.**

Servicemembers Civil Relief Act (SCRA): Eligible servicemembers and their spouses or civil partners may receive protections under the SCRA. To find out how to determine if you are eligible for protections under SCRA and to receive instructions on how to invoke your rights, please contact us at the number listed.

**Insurance Coverage:** All Home Equity Lines of Credit are required to have adequate insurance coverage in force at all times. If the property is situated in a "special flood hazard area" this includes flood insurance. Unless specifically indicated in your Home Equity Line of Credit closing document, payments of all insurance premiums is the responsibility of the homeowner. Acceptable dwelling insurance coverage amounts are equal to the lesser of the unpaid principal balance or 100% of the replacement of the improvements, subject to applicable law. Please consult your insurance agent to determine the adequacy of your coverage.

**Property Taxes:** All Home Equity Lines of Credit require the borrower to ensure that all property taxes are paid and current at all times. This includes, but is not limited to, supplemental, interim, per capita, personal property or other taxes associated with the property. Unless specifically indicated in your Home Equity Line of credit closing documents, payment of all property taxes is the responsibility of the homeowner. Failure to pay these bills in a timely manner could result in tax penalties.

Any changes made by your tax office to the property covered under this mortgage (i.e. new parcel number, parcel split) must be communicated to us by calling the customer service number located on the front of this statement, so that our records can be updated.

**\*Important Information Concerning Your Account:** The Finance Charge is determined by applying the "Periodic Rate" to the Actual Daily Balance and by adding the Finance Charges for each day in the billing cycle on your account. To calculate the Actual Daily Balance, we take the beginning balance of your account each day, add any new advances and subtract any payments or credits and any unpaid Finance Charges. This gives us the Actual Daily Balance. Be advised that the Current Minimum Payment section of this statement is the minimum amount required to advance forward the due date on your loan. This amount may not include certain charges that are still owed, but not currently required for the current month's payment due. *If your loan has an adjustable rate feature, the periodic rate(s) may vary.*

| Fill in this information to identify the case: |

Debtor 1    CITIBANK _____

Debtor 2 _____
(Spouse, if filing)

United States Bankruptcy Court for the:  Northern District of California

Case number    U.S. Chapter 11 Debtor In Possession

## Official Form 410
# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

Ms. Theya; Kanagaratnam – Pawner / Creditor
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Ms. Theya; Kanagaratnam
Name

c/o 2316 Lakeshore Avenue, #16
Number       Street

Oakland                 CA          94606
City                          State              ZIP Code

Contact phone  510-356-5776

Contact email  theyak101@yahoo.com

Where should payments to the creditor be sent? (if different)

Name

Number       Street

City                          State              ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____      Filed on _____
MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

6. Do you have any number you use to identify the debtor?

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __0__ __0__ __1__ __3__

7. How much is the claim?    $_____100,000.00 . **Does this amount include interest or other charges?**

     ☑ No

     ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

NOTE was paid at closing with my Signature, SS# & Multi Dipping

9. Is all or part of the claim secured?

☑ No

☐ Yes. The claim is secured by a lien on property.

     **Nature of property:**

     ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

     ☐ Motor vehicle

     ☐ Other. Describe: _____

     **Basis for perfection:** _____

     Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

     **Value of property:**      $_____

     **Amount of the claim that is secured:**      $_____

     **Amount of the claim that is unsecured:** $_____100,000.00 (The sum of the secured and unsecured amounts should match the amount in line 7.)

     **Amount necessary to cure any default as of the date of the petition:**    $_____100,000.00

     **Annual Interest Rate** (when case was filed)_____%

     ☐ Fixed

     ☑ Variable

10. Is this claim based on a lease?

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $_____

11. Is this claim subject to a right of setoff?

☐ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   07/16/2024
               MM / DD / YYYY

     *theya. Kanagaratnam*
     Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | **Ms. Theya; Kanagaratnam** |
| | First name      Middle name      Last name |
| Title | **Admiralty - Pawner/Creditor - Heritor** |
| Company | **Private Estate in Admiralty** |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | **c/o 2316 Lakeshore Avenue, #16** |
| | Number      Street |
| | **Oakland**          **CA**    **94606** |
| | City             State    ZIP Code |
| Contact phone | **510-356-5776**      Email **theyak101@yahoo.com** |



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

Borrower(s): **THEYA KANAGARATNAM**

Property Address: **2316 LAKESHORE AV, 16, OAKLAND, CA 94606 (the "Property")**

| | |
|---|---|
| Credit Limit: | $100,000.00 |
| Index: | 8.250% |
| Initial Margin (if applicable): | Not Applicable |
| Initial Daily Periodic Rate (if applicable): | Not Applicable |
| Initial **ANNUAL PERCENTAGE RATE** (if applicable): (The Initial Annual Percentage Rate will vary as the Index varies) | Not Applicable |
| Date the Initial Margin Ends and Regular Margin Begins (if applicable): | Not Applicable |
| Regular Margin: | 0.500% |
| Regular Daily Periodic Rate: | 0.023973% |
| Regular **ANNUAL PERCENTAGE RATE:** (The Regular Annual Percentage Rate will vary as the Index varies) | 8.750% (Index +/- the Regular Margin) |

### Closing Costs, Paid by Citibank*

| | | | |
|---|---|---|---|
| Appraisal Fee: | $310.00 | Recording Fees: Alameda County Recorder | $34.00 |
| Credit Report Fee: | $2.00 | City/County Tax/Stamps: | $0.00 |
| Flood Certification Fee (Finance Charge): | $4.25 | State Tax/Stamps: | $0.00 |
| Settlement or Closing Fee (Finance Charge): NASCO | $350.00 | Intangible Tax: | $0.00 |
| Abstract or Title Search Fee: NASCO | $50.00 | Document Stamp Tax: | $0.00 |
| Title Examination Fee: | $0.00 | Mortgage Registration Tax: | $0.00 |
| Title Insurance Binder: | $0.00 | Tax Certificate Fee: | $0.00 |
| Document Preparation: | $0.00 | Mortgage Taxes:   Borrower Portion | $0.00 |
| Overnight/Postage Fee (Finance Charge): | $0.00 |    Lender's Portion | $0.00 |
| Appraisal Recertification Fee: | $0.00 | | |

Total Closing Costs:   $750.25

*These charges are paid outside of the closing by Lender. However, if your loan is terminated within the first 36 months, with the exception of the Lender's Portion of the Mortgage Taxes and the Document Preparation Fee, you will be required to repay us all of these closing costs incurred on your behalf.

The undersigned Borrower(s), jointly and severally if more than one, agree to all of the terms and conditions of this Home Equity Line of Credit Agreement and Disclosure, which consists of 9 pages, and acknowledge receipt of a completed copy, along with the notice about Your Billing Rights. The date of this Agreement is the latest date next to a Borrower's signature.

_Threya Kanagaratnam Tk_     10/03/2006     _____
THEYA KANAGARATNAM

_Thaya Kanagaratnam_     _____

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 40 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

1. **DEFINITIONS:** As used herein:

   a) "Account" means the Home Equity Line of Credit Account opened under the Agreement.

   b) "Agreement" means this Home Equity Line of Credit Agreement and Disclosure together with any modifications, amendments, replacements or substitutions thereto.

   c) "Business Day" means any day other than a Saturday, Sunday or a federal holiday.

   d) "Citibank" means Citibank, N.A..

   e) "Credit Limit" means the maximum aggregate amount of the Loan Advances that may be outstanding at any given time pursuant to the Agreement.

   f) "Draw Period" means the ten years from the date of the Agreement during which Loan Advances may be made.

   g) "Index" means the highest Prime Rate as published in the Money Rates section of *The Wall Street Journal* from time to time. *The Wall Street Journal* is available at many newsstands and public libraries, or you may obtain copies from The Wall Street Journal, 200 Burnett Road, Chicopee, Massachusetts 01020. A Prime Rate is not necessarily the lowest or best rate available.

   h) "Initial Pricing" means that your Agreement has an Initial Margin, Initial Daily Periodic Rate, and an Initial Annual Percentage Rate.

   i) "Loan Advances" means amounts drawn on your Account pursuant to the Agreement by Home Equity Line of Credit checks, or in any other way Citibank allows, and advances by Citibank pursuant to the Agreement or Mortgage to protect the Property or Citibank's security interest in the Property, including but not limited to advances to maintain required insurance on the Property or to pay taxes on the Property.

   j) "Mortgage" means the mortgage, deed of trust, deed to secure debt or cooperative security agreement which covers the Property which secures the Agreement.

   k) "Property" means the property described in the Mortgage which secures the Agreement.

   l) "Repayment Period" means the twenty years immediately following the Draw Period during which Loan Advances may not be made.

   m) "You," "Your" and "Yours," whether or not the first letter of the word is capitalized, means each person who signs below as Borrower, jointly and severally.

   Certain other terms are defined elsewhere in this Agreement.

2. **PROMISE TO PAY:** You promise to pay to Citibank the total of all Closing Costs (if indicated above that Closing Costs are paid by Borrower), all Loan Advances, together with Finance Charges at the applicable daily periodic rate, and any other fees, charges or other Finance Charges, all as provided for in the Agreement.

3. **HOW FINANCE CHARGES ARE IMPOSED AND DETERMINED:**

   a) Finance Charges on Loan Advances at the applicable Daily Periodic Rate begin to accrue on the date the Loan Advance is posted to your Account. There is no grace period for repayment of your balance during which Finance Charges will not accrue. If there are any other Finance Charges payable under the Agreement, they will be dollar amounts itemized herein as Finance Charges and will be due and payable on the date of the Agreement.

   b) The appropriate margin is added to the Index to determine the Annual Percentage Rate, which will be divided by 365 (366 in leap years) to determine the Daily Periodic Rate which will be applied to the balance on which the Finance Charge will be computed during your monthly billing cycle.

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 41 of
49


c) The Index used for a billing cycle will be the daily Index rate published each Business Day.

d) If your Account has Initial Pricing:
   (i) The Initial Margin shown above will be in effect from the date of the Agreement until the Date the Initial Margin Ends and Regular Margin Begins shown above.
   (ii) The Initial Annual Percentage Rate and the Initial Daily Periodic Rate, shown above, will be in effect from the date of the Agreement and can change each Business Day.
   (iii) On the Date the Initial Margin Ends and Regular Margin Begins shown above, the Regular Margin shown above will go into effect. If the Index has not changed so as to affect the rate, the Regular Annual Percentage Rate and Regular Daily Periodic Rate shown above will then be in effect and can change each Business Day.

e) If your Account does not have Initial Pricing:
   (i) The Regular Margin shown above will be in effect from the date of the Agreement.
   (ii) The Regular Annual Percentage Rate and the Regular Daily Periodic Rate will be in effect from the date of the Agreement and can change each Business Day.

f) Any increase in the Annual Percentage Rate will result in an increase in the minimum monthly payment. The Annual Percentage Rate will not exceed 18%, no matter how much the Index increases.

g) You will be sent statements on a monthly cycle which will reflect your Account activity and any amounts you owe Citibank. The amount of the Finance Charge in your statements will be calculated by multiplying the daily periodic rate for the day by the daily balance for your Account at the end of each day in the monthly billing cycle. The resulting Finance Charges for each day are totaled at the end of the statement period and disclosed on the statement as "Finance Charges - Interest". To determine the daily balance Citibank takes the beginning balance of your Account each day, adds any new Loan Advances and other charges, and subtracts any payments and credits. Late Fees, credit life insurance, if any, and unpaid Finance Charges will not be counted as part of the daily balance for purposes of calculating the Finance Charge.

h) Payments are applied first to due and unpaid Finance Charges and other charges and then to the unpaid balance of Loan Advances.

4. **FINANCE CHARGES NOT DUE TO DAILY PERIODIC RATE; CLOSING COSTS:**

a) If you retained a mortgage broker, the amount of the mortgage broker fee, if any, is a Finance Charge. The amount of the mortgage broker fee is determined by your agreement with your mortgage broker and is not required by Citibank or paid by Citibank.

b) If you agreed to pay the Closing Costs for your Account, your Closing Costs include Finance Charges in the amounts shown on page one of this Agreement for the cost of flood and tax certifications, overnight courier fees, and the cost charged by Citibank's attorneys or closing agents to conduct the closing for your Account.

5. **OTHER CHARGES:** These are charges other than Finance Charges. These charges are not counted as part of your daily unpaid balance of Loan Advances for purposes of computing Finance Charges:

a) There is a $50 Annual Fee associated with your Account. This fee will automatically be charged to your Account in the same manner as a Loan Advance beginning on the first anniversary of your Account opening and annually thereafter.

b) Late Fee. If Citibank does not receive the full amount of any monthly payment due within 15 calendar days of the due date, you will be charged a Late Fee equal to the greater of 6% of the overdue payment or $5. However, you will not be charged a Late Fee on an unpaid Late Fee.

Case: 24-40209     Doc# 35     Filed: 07/17/24     Entered: 07/17/24 14:20:41     Page 42 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

    c) **Overlimit Fee.** If there is a Loan Advance which causes your Credit Limit to be exceeded, Citibank will charge you a $29 overlimit fee. This charge will not be imposed on more than one transaction in any monthly billing cycle.

    d) **Stop Payment Fee.** If you request Citibank to stop payment on one of your Home Equity Line of Credit Checks, Citibank will charge you an $8 stop payment charge per request.

    e) **Returned Item Fee.** If your payment is returned unpaid for any reason, Citibank will charge you a $25 returned item fee.

    f) **Early Closure Release Fee.** If Citibank pays the closing costs to open your Account and, within 36 months of the date of this Agreement, you request that your Account be closed or take any other action which will result in a release of the Mortgage, you agree to pay an early closure release fee which will consist of all costs Citibank incurred to open your Account. These costs are disclosed as Closing Costs on the first page of this Agreement. The amount of this fee will be automatically charged to your Account in the same manner as a Loan Advance.

    g) **Other Fees Disclosed in Agreement.** Any charges imposed by Citibank, if any, in connection with your Account are disclosed above at the beginning of the Agreement and in Section 13 below.

    h) **Other Fees Disclosed in Mortgage.** You agree to pay any other fees or charges provided for in the Mortgage or otherwise provided for in the Agreement.

    i) **Fee to Release Prior Lien.** You may have to pay a fee to release a prior lien or security interest in the Property.

    j) You agree to pay any reasonable costs incurred by Citibank in connection with the enforcement of its rights and remedies under the Agreement and the Mortgage, including, but not limited to, any reasonable attorneys' fees and other collection costs.

6. **SECURITY INTEREST IN PROPERTY:** As security for the Agreement, you are giving Citibank a security interest in the Property located at the address shown above, which security interest secures all of your obligations under this Agreement and the Mortgage. This Property is more fully described in the Mortgage you will sign along with this Agreement. Collateral which secures other obligations to Citibank may also secure the Agreement.

7. **PAYMENT TERMS:** You agree to pay your monthly payments by the due date shown on your monthly statement. During the Draw Period, you agree to pay a minimum monthly payment, which will be shown on your monthly statement, and which will equal the sum of any past due or over Credit Limit amounts plus accrued and unpaid Finance Charges and other unpaid fees or charges imposed pursuant to the Agreement. Your paying this minimum monthly payment will not reduce the principal balance of Loan Advances which you owe Citibank, except to the extent over Credit Limit amounts are paid. During the Repayment Period, you agree to pay a monthly payment, which will be shown on your monthly statement, and which will equal the Finance Charges that have accrued on the outstanding balance for the billing period, plus principal equal to the greater of $50 or 1/240th of your principal balance of Loan Advances as of the end of the Draw Period, plus the sum of the following amounts when applicable: past due amounts on your Account, amount owing in excess of your Credit Limit, Late Fees and other charges imposed pursuant to the Agreement. On the last payment due date of the Repayment Period, any remaining unpaid amounts owed Citibank will be due and payable. You may prepay your Account in whole or in part at any time without penalty, but if you request that your Account be closed or take any other action which will result in a release of the Mortgage, you may owe an early closure release fee as provided for in the OTHER CHARGES section. Loan Advances may not be drawn to make payments on the Account. Citibank may accept late payments or partial payments, even though marked "payment in full," without losing any of Citibank's rights under the Agreement.

Case: 24-40209     Doc# 35     Filed: 07/17/24     Entered: 07/17/24 14:20:41     Page 43 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

8. **TRANSACTION REQUIREMENTS:** You may draw Loan Advances during the Draw Period up to your Credit Limit if your Account has not been closed or suspended or your Credit Limit reduced to where further Loan Advances would not be permitted.

9. **TERMINATION OF ACCOUNT BY CITIBANK:** Citibank may close your Account, and require payment of the outstanding balance in full in a single payment, if:

   a) You fail to meet the repayment terms of the Agreement for any outstanding balance.

   b) There has been fraud or a material misrepresentation by you in connection with the Account.

   c) You take any action or fail to take any action which adversely affects the Property or Citibank's security interest in the Property, including but not limited to: a transfer of title to the Property or sale of the Property without Citibank's written permission; a failure to maintain any required insurance on the Property; failure to pay taxes on the Property; you permit the filing of a lien senior to that held by Citibank; the sole Borrower obligated on the Account dies; the Property is taken through eminent domain; a prior lien-holder forecloses; you commit waste or otherwise destructively use or fail to maintain the Property in a way that adversely affects the Property; there is illegal use of the Property which could subject the Property to seizure; one of two Co-Borrowers dies and Citibank's security is thereby adversely affected; or you move out of the Property and Citibank's security is thereby adversely affected.

   d) You are or become an "executive officer" of Citibank as defined in Federal Reserve Board Regulation O and Citibank determines to require payment in full to comply with federal regulation.

   In addition to the foregoing, Citibank shall have the right to exercise any and all of it rights and remedies allowed by law or as set forth in this Agreement or in the Mortgage, including, but not limited to, the right to bring an action against you and the right to bring a foreclosure action against the Property.

10. **SUSPENSION OF ACCOUNT OR REDUCTION OF CREDIT LIMIT BY CITIBANK:** Citibank may prohibit additional extensions of credit or reduce your Credit Limit during any period in which:

    a) You or any of you request a suspension of the Account or reduction of the Credit Limit.

    b) The maximum Annual Percentage Rate is reached.

    c) The value of the Property declines significantly below the Property's appraised value for purposes of the Account. As an example, if the value of the Property declines such that the initial difference between the Credit Limit and the available equity (based on the Property's appraised value) is reduced by fifty percent, such an event would constitute a significant decline in the value of the Property.

    d) Citibank reasonably believes that you will be unable to fulfill the repayment obligations under the Agreement because of a material change in your financial circumstances.

    e) You are in default of any material obligation under the Agreement or Mortgage.

    f) Citibank is precluded by government action from imposing the Annual Percentage Rate provided for in the Agreement.

    g) The priority of Citibank's security interest is adversely affected by government action to the extent that the value of the security interest is less than 120% of the Credit Limit.

    h) Citibank is notified by its regulatory agency that continued advances constitute an unsafe and unsound practice.

    If any of the above circumstances change during the Draw Period and you want to reopen your Account or increase your Credit Limit to the original Credit Limit, you must make such a request to Citibank in writing and pay any bona fide and reasonable appraisal and credit report fees actually incurred by Citibank to investigate whether the above circumstances continue to exist. If Citibank suspended your Account or reduced your Credit Limit as a result of your request, the request for reinstatement must be signed by all of you.

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 44 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

You agree that you will not attempt to obtain any additional credit extensions once you know that your credit privileges have been terminated or suspended. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations under the Agreement.

11. **OTHER CHANGES TO THE ACCOUNT:** Citibank may change the Index and Regular Margin used under the Agreement if the original Index is no longer available, the new index has an historical movement substantially similar to that of the original Index, and the new index and margin would have resulted in an Annual Percentage Rate substantially similar to the rate in effect at the time the original Index became unavailable. Citibank may make a specified change to the Account if you specifically agree to the change in writing at that time. Citibank may make changes to the Account that will unequivocally benefit you throughout the remainder of the Account. Citibank may make insignificant changes in the terms of the Account, including but not limited to: changing the address to which payments are sent; minor changes to features such as the billing cycle date, the payment due date and the day of the month on which Index values are measured; changes in rounding practices within the tolerance rules allowed by applicable regulation; and changes to balance computation methods if the change produces an insignificant difference in the Finance Charge you pay.

12. **PROMOTIONAL RATE OFFERS:** At Citibank's discretion, Citibank may offer you a promotional rate (a promotional daily periodic rate and/or promotional margin). The period of time for which the promotional rate applies may be limited. Citibank will allocate your payments and credits to pay off balances at low promotional rates before paying off balances at higher periodic rates. Any promotional rate, the corresponding periodic rate, and the period of time during which it is in effect will be disclosed to you. Any promotional rate offer will be subject to the terms of the offer and this Agreement.

13. **OPTIONAL CONVERTED BALANCE FEATURE FOR CERTAIN ACCOUNTS:**

*Option to Convert.* Subject to the limitations described below, during the Draw Period and the first 15 years of the Repayment Period, you have the option to convert all or any portion of your Account balance to a fixed **Annual Percentage Rate** and Daily Periodic Rate for a fixed term. The **Annual Percentage Rate** does not include costs other than interest. Your exercise of your option to convert is subject to your meeting all of the conditions described below at the time that the fixed rate becomes effective.

*Conversion Requirements.* Each balance you convert to a fixed rate (the "Converted Balance") must be for a minimum amount of $10,000.00. The aggregate unpaid amount of all your Converted Balances may not exceed $500,000.00. However, Citibank may, in its sole discretion and without prior notice, allow the aggregate unpaid amount of all your Converted Balances to exceed $500,000.00. Citibank's decision to allow the aggregate unpaid amount of all your Converted Balances to exceed $500,000.00 for any fixed rate conversion does not obligate it to allow the aggregate unpaid amount of all your Converted Balances to exceed $500,000.00 for any subsequent fixed rate conversion. Each Converted Balance may consist of any portion of the variable rate balance of your Account, any portion of any existing Converted Balance, or both. You may have outstanding a maximum of three (3) Converted Balances at any one time and you may not establish more than five (5) Converted Balances during the term of your Account. At the time of each conversion, you will designate the term for repayment of the Converted Balance. The term for repayment of the Converted Balance will be between 12 to 240 months, but must not exceed the last payment due date of the Repayment Period. You must sign all documentation requested by Citibank on a timely basis in order to effectuate a conversion to a fixed rate. Each conversion to a fixed rate will be effective on the first day of the monthly billing cycle that follows Citibank's receipt and processing of that documentation. You may not use your conversion option to establish a fixed rate for a new Loan Advance drawn on the Account. If you wish to authorize Citibank to pay your minimum monthly payments automatically from your checking or other authorized account, you must authorize Citibank to do so for all of your minimum monthly payments on all of your Converted Balances and the variable rate balance of your Account, and any cancellation of that authorization will apply to all of your Converted Balances and the variable rate balance of your Account.

*Credit Limit.* The portion of your Credit Limit that is available for other Loan Advances will be reduced by the aggregate amount of unpaid Converted Balances. As you repay the principal of each Converted Balance, your available Credit Limit will be replenished in like amounts, subject to the conditions that generally apply to your right to obtain Loan Advances under the terms of this Agreement.

*Conversion Fees.* We may charge you $50 each time you elect to convert a portion of your Account balance to a fixed rate.

Case: 24-40209     Doc# 35     Filed: 07/17/24     Entered: 07/17/24 14:20:41     Page 45 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE



*Fixed* **Annual Percentage Rate** *and Daily Periodic Rate.* The **Annual Percentage Rate** for each Converted Balance shall be fixed and will be determined based upon the value of a margin (the "Conversion Margin") and an index (the "Conversion Index"), which are described below. Citibank will add the Conversion Margin to the Conversion Index to determine the **Annual Percentage Rate** for the Converted Balance. The maximum **Annual Percentage Rate** that can apply to a Converted Balance is 18%. The Daily Periodic Rate for the Converted Balance will be equal to the **Annual Percentage Rate** for the Converted Balance divided by 365 (366, in a leap year).

*Calculation of Periodic* **Finance Charges.** The periodic **Finance Charge** on each Converted Balance for each monthly billing cycle will be calculated as follows. First, Citibank will determine the "daily Converted Balance" for each day of the monthly billing cycle. To determine the "daily Converted Balance," Citibank will take the beginning balance of the Converted Balance each day and subtract any payments and credits relating to that Converted Balance that are received that day. Late Fees, credit life insurance, if any, and unpaid **Finance Charges** will not be counted as part of the daily Converted Balance for purposes of calculating the periodic **Finance Charge.** Second, Citibank will multiply the daily Converted Balance for each day in the monthly billing cycle by the Daily Periodic Rate in effect for that day. This will calculate the periodic **Finance Charge** for each day in the monthly billing cycle. Third, Citibank will add together the resulting amounts, which will be the total periodic **Finance Charge** for the Converted Balance for the monthly billing cycle.

*The Conversion Index.* The Conversion Index is the 3-year Interest rate swap listed in the Board of Governors of the Federal Reserve System's Federal Reserve Statistical Release H.15 - Selected Interest Rates (Weekly), as most recently available on the effective date of the conversion to a fixed rate. This Federal Reserve publication can be found on the Board of Governors of the Federal Reserve System's internet web site at http://www.federalreserve.gov or may be obtained from the Board of Governors of the Federal Reserve System, Publications Services, 20th Street and Constitution Avenue, NW, Washington, D.C. 20551. If the Conversion Index or any replacement Conversion Index becomes unavailable, Citibank will select a new Conversion Index that will have a historical movement substantially similar to that of the unavailable Conversion Index, and the Conversion Margin will be changed so that the new Conversion Index plus the Conversion Margin will result in a new fixed rate that is substantially similar to the fixed rate that would have applied at the time that the unavailable Conversion Index became unavailable.

*The Conversion Margin.* The Conversion Margin for each Converted Balance shall be determined by us in our sole discretion based upon the term and rate available, at the time of each exercise of your option, for a comparable home equity loan offered by us to customers having line sizes, combined loan to value ratios and credit scores similar to you. A complete disclosure of the terms of that will apply to your Converted Balance will be provided to you at the time of the conversion.

*Minimum Monthly Payment.* Your minimum monthly payment for each Converted Balance is the amount sufficient to repay the original principal balance of the Converted Balance, together with periodic **Finance Charges** at the applicable **Annual Percentage Rate,** in full in substantially equal monthly installments during the scheduled term for repayment of the Converted Balance. The entire outstanding principal balance of the Converted Balance, together with all accrued and unpaid **Finance Charges** and all other fees and charges relating to the Converted Balance, if not sooner paid, will be due and payable in full in a single payment on the last payment due date of the scheduled term for repayment of the Converted Balance. Citibank is not obligated to refinance this amount. The minimum monthly payment will not change by reason of the commencement of the Repayment Period. The minimum monthly payment is in addition to the minimum monthly payment that is due for the variable rate portion of your Account, as provided in Section 7 above, and will be due on the same payment due dates as are payments for the variable rate portion of your Account.

*Conditions to Exercise of Your Option to Convert.* Your right to exercise your option to convert is subject to your meeting all of the following conditions on the date that the conversion to the fixed rate is effective: (a) your Credit Limit must be for $25,000.00 or more, (b) you must not be in default under any of the provisions of this Agreement and there may not be any defaults under any provisions of the Mortgage, (c) your Account and your right to obtain Loan Advances may not then be terminated or suspended.

14. **TAX IMPLICATIONS:** You should consult a tax advisor regarding the deductibility of interest (Finance Charges) and other charges under the Agreement.

15. **DELAY IN ENFORCEMENT:** Citibank may delay the exercise of Citibank's rights under the Agreement or Mortgage without losing them.

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 46 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

16. **PROPERTY INSURANCE:** You agree to maintain insurance on the Property as provided for in the Mortgage. If Borrower fails to maintain property insurance, Citibank may obtain insurance coverage, at Citibank's option and Borrower's expense. Citibank is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Citibank, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Citibank under this Section shall be considered Loan Advances and become additional debt of Borrower secured by the Mortgage.

17. **CREDIT INFORMATION:** You understand and agree that Citibank may obtain credit reports for credit applications and for updates, renewals or extensions of the credit granted. Upon request, Citibank will inform you if a report has been obtained and will give you the name and address of the agency that furnished the report. You also agree that Citibank may obtain and use credit reports and other information that Citibank has obtained in a lawful manner consistent with Citibank's privacy policies about you for subsequent solicitations or for any other lawful purpose.

18. **FURTHER ASSURANCES:** You agree that, upon Citibank's request, you will promptly execute, acknowledge, initial and deliver to Citibank any documentation Citibank deems necessary to replace or correct any lost, misplaced, misstated or inaccurate document signed by you at closing.

19. **GOVERNING LAW:** The Agreement will be governed by United States federal law and, to the extent the United States federal law is inapplicable, then by the laws of the State of Nevada; except that, with regard to the perfection and enforcement of Citibank's security interest in the Property, the Agreement will be governed by the law of the state where the Property is located.

20. **DUE ON SALE:** The Mortgage or Deed of Trust which covers the Property contains substantially the following provision: Due on Transfer Provision – Transfer of the Property. If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in You is sold or transferred and You are not a natural person) without Citibank's prior written consent, Citibank may, at Citibank's option, require immediate payment in full of all sums secured by this Mortgage or Deed of Trust. However, Citibank shall not exercise this option if the exercise is prohibited by applicable law as of the date of this Mortgage or Deed of Trust. If Citibank exercises this option, Citibank shall give You notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which all sums secured by this Mortgage or Deed of Trust must be paid. If these sums are not paid prior to the expiration of this period, Citibank may invoke any remedies permitted by this Mortgage or Deed of Trust without further notice or demand on You.

21. **CHANGE IN NAME, ADDRESS OR EMPLOYMENT:** You agree to notify us in writing of any change in name, address or employment.

22. **NO WAIVER:** Neither you nor Citibank shall be deemed to have waived any of rights, powers or remedies hereunder unless such waiver is embodied in a writing executed by either you or Citibank. The waiver by either you or Citibank of any breach or default by the other party to the Agreement in the performance of any obligation hereunder shall not constitute a waiver of any subsequent breach or default.

23. **NOTICES:** All notices provided for in the Agreement shall be in writing and shall be deemed given (a) when delivered on a Business Day if delivered personally, (b) on the day after deposit with any overnight courier if such date is a Business Day, (c) three days after deposit in the United States mail, if delivered by certified mail, return receipt requested, postage prepaid and addressed to you at the address set forth on the first page of the Agreement or addressed to Citibank at the customer service address shown on your monthly statement.

24. **INVALIDITY CLAUSE:** If any provision of the Agreement shall be otherwise unlawful, void, or for any reason unenforceable, then that provision shall be enforced to the maximum extent permissible so as to effect the intent of you and Citibank. In either case, the remainder of the Agreement shall continue in full force and effect.

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 47 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

### YOUR BILLING RIGHTS (KEEP THIS NOTICE FOR FUTURE USE)

This notice contains important information about your rights and Citibank's responsibilities under the Fair Credit Billing Act.

**Notify Citibank in case of errors or questions about your bill.**

If you think your bill is wrong, or if you need more information about a transaction on your bill, write to Citibank on a separate sheet at the address listed on your bill. Write to Citibank as soon as possible. Citibank must hear from you no later than 60 days after Citibank sent you the first bill on which the error or problem appeared. You can telephone Citibank, but doing so will not preserve your rights.

In your letter, give us the following information:

- Your name and Account number.
- The dollar amount of the suspected error.
- Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are not sure about.

If you have authorized Citibank to pay your Home Equity Line of Credit bill automatically from your checking or other authorized account, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach Citibank three business days before the automatic payment is scheduled to occur.

### YOUR RIGHTS AND CITIBANK'S RESPONSIBILITIES AFTER
### CITIBANK RECEIVES YOUR WRITTEN NOTICE

Citibank must acknowledge your letter within 30 days, unless Citibank has corrected the error by then. Within 90 days, Citibank must either correct the error or explain why Citibank believes the bill was correct.

After Citibank receives your letter, Citibank cannot try to collect any amount you question, or report you as delinquent. Citibank can continue to bill you for the amount you question, including Finance Charges, and Citibank can apply any unpaid amount against your credit limit. You do not have to pay any questioned amount while Citibank is investigating, but you are still obligated to pay the parts of your bill that are not in question.

If Citibank finds that Citibank made a mistake on your bill, you will not have to pay any Finance Charges related to any questioned amount. If Citibank did not make a mistake, you may have to pay Finance Charges, and you will have to make up any missed payments on the questioned amount. In either case, Citibank will send you a statement of the amount you owe and the date that it is due.

If you fail to pay the amount that Citibank thinks you owe, Citibank may report you as delinquent. However, if Citibank's explanation does not satisfy you and you write to Citibank within ten days telling Citibank that you still refuse to pay, Citibank must tell anyone Citibank reports you to that you have a question about your bill. And, Citibank must tell you the name of anyone Citibank reported you to. Citibank must tell anyone Citibank reports you to that the matter has been settled between you and Citibank when it finally is.

If Citibank does not follow these rules, Citibank cannot collect the first $50 of the questioned amount, even if your bill was correct.

Case: 24-40209    Doc# 35    Filed: 07/17/24    Entered: 07/17/24 14:20:41    Page 48 of 49



# HOME EQUITY LINE OF CREDIT AGREEMENT AND DISCLOSURE

## AUTHORIZATION TO CHARGE ACCOUNT – AUTO-DEDUCT SERVICE

By signing below, you authorize Citibank to charge your account described below to pay the minimum amounts due Citibank under the above Home Equity Line of Credit Agreement and Disclosure.

Financial Institution Name: _____

Address: _____

ABA Number: _____

Account type:          [ ] Checking          [ ] Money Market          [ ] Savings

Account Number: _____

_____          _____
Authorized Signature     Date                      Authorized Signature     Date

As an option and not a condition to the Agreement, Citibank has offered you the convenience of making payments using pre-authorized payments from a checking or savings account as described.

Your payment will be made automatically on your current due date from your account described above.  If your due date falls on a weekend or holiday, your payment will be deducted on the last business day before your due date.  If there are insufficient funds in your account, Citibank may debit your account for the payment when sufficient funds are available.  Your payment will be made automatically at the minimum due amount, as indicated on your billing statement.  Even after you enroll for the auto-deduct service, you should continue to make payments due under your statement until the auto-deduct service is in place for your Account.

Citibank reserves the right to cancel the auto-deduct service for your Account if there are insufficient funds in your Account for any three consecutive scheduled debits or if any payment is 60 days in arrears.  Citibank also reserves the right to change the terms and conditions of this Auto Deduct Agreement after 21 days prior notice to you.

YOU MAY ATTACH A COPY OF A VOIDED CHECK OR PREPRINTED DEPOSIT OR WITHDRAWAL SLIP FROM THE ACCOUNT DESCRIBED ABOVE IN WHICH FUNDS ARE TO BE DEBITED FROM.

Case: 24-40209     Doc# 35     Filed: 07/17/24     Entered: 07/17/24 14:20:41     Page 49 of
49