Theya Kanagaratnam, living woman
On the county at Large, alameda
Non-Domestic
c/o 2316 Lakeshore Ave. #16
Oakland, California Republic [94606]
e-mail: theyak101@yahoo.com



UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**Theya Kanagaratnam**
**Petitioner**

THEYA PRAKASHINI KANAGARATNAM
Debtor

Case No: 24-40209

Motion for Summary
Judgement

**US BANK & SELENE FINANCE**
**Defendant One**

**CITIBANK & CENLAR**
**Defendant Two**

Judge: William J. Lafferty

_____/

**Good Morning Your Honor:**

<u>**Petitioner's Motion For Summary Judgement**</u>

### I.     Introduction

I, Theya Kanagaratnam, Propria Persona proceeding sui juris, a woman of flesh and blood, standing on my own square, upon the land of California Republic. I am hereby special appearance not a general appearance and I reserve all my rights with explicit reservation without prejudice.

I, hereby, respectfully move for summary judgement as there are no disputed issues of material facts or credibility that warrant a hearing or further delay in this case.

---

**Under UCC 3-603, the extent of discharge when a tender of payment is made is defined by discharging the debtor from liability to the extent of the amount tendered.**

## II.    Statement Of Claims

1. On May 13, 2013 Petitioner refinanced the 1st Mortgage with Quicken Loans for the amount of $304,200.00 of the home she purchased in December 2002. Evidence of NOTE and related terms were supplied to this court with May 20, 2024 filing. Petitioner tendered a Negotiable Instrument to DEFENDANT ONE in the amount of $294,000.00, explicitly marked and communicated as "payment in full" for any outstanding claims related to the original contract. This was done under the principle of Accord and Satisfaction.

   A Side Note:  DEFENDANT ONE, US BANK, in July/August 2022 claimed to have acquired the NOTE but never recorded a Deed of Trust (DOT) with Alameda County Recorder's Office Until April 05, 2023 some eight months later.   Prior to that, the last known DOT recorded at the county was from June 19, 2013, apparently, when Quicken Loans handed this over to MERS (Mortgage Electronic Registration System). After that, Quicken Loans was nowhere to be found.  It remained in there until April 05, 2023. However, MERS in their database put this alleged loan in **Inactive Status** before it ever assigned the DOT in January of 2023 NOT to US Bank but to a 3rd Party and in March of 2023 that Party assigned it to DEFENDANT ONE.  **This fact alone renders the DOT unenforceable.** Furthermore, By the time DEFENDANT ONE got around to recording the DOT on April 05, 2023, whether there was an enforceable DOT or not, the Petitioner had already tendered the Negotiable instrument to DEFENDANT ONE to settle this matter two months earlier.  This court must closely examine the recordation dates carefully as the evidence of all these have lodged with this court with November 26, 2024 filing as well as MERS's legitimacy to make such assignments.  Nevertheless, DEFENDANTS have repeatedly attempted to foreclose with an unenforceable DOT. Again, even with an unenforceable DOT Petitioner tendered a negotiable instrument to set off, settle and discharge this alleged loan.

2. In October 2006, Petitioner took out a Home Equity Line Of Credit for the amount of $100,000.00 from alleged Creditor DEFENDANT TWO (CITIBANK).  Evidence of NOTE and related terms were supplied to this court with May 20, 2024 filing. Throughout the entire history of that loan, Petitioner never withdrew the entire sum of $100,000.00. Petitioner tendered two Negotiable Instrument to DEFENDANT ONE, each in the amount of $294,000.00, explicitly marked and communicated as "payment in full" for any outstanding claims related to the original contract. This was done under the principle of Accord and Satisfaction.

## III.    Statement of Undisputed Material Facts

As Per the Bill In Equity Filing with this court on November 15, 2024:

1. Bill of Exchange (See Exhibit B of November 15, 2024 filing for evidence) that was accepted by Defendant One in the amount of $294,000.00 on February 6, 2023 and never returned to Petitioner.

---

**Under UCC 3-603, the extent of discharge when a tender of payment is made is defined by discharging the debtor from liability to the extent of the amount tendered.**

2. Bill of Exchange and New Credit Note Draft Bank Instrument (See Exhibit of November 15, 2024 filing for evidence) that were accepted on December 22, 2022 and January 9, 2023 respectively by DEFENDANT TWO each in the amount of $71,000.00 and never returned to Petitioner.

IV. **Applicable Lawful/Legal Standards**

1. Summary Judgment Standard:

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other evidence establish no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* 29 C.F.R. § 1614.109(g); *see also Murphy v. Dep't of the Army*, EEOC Appeal No. 01A04099 (July 11, 2003) (noting that the regulation governing decisions without a hearing is modeled after the Federal Rules of Civil Procedure, Rule 56). Only disputes over facts that might affect the outcome of the suit under governing law, and not irrelevant or unnecessary factual disputes, will preclude the entry of summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material factual disputes include credibility disputes where two or more people have different versions of the relevant event, and the determination of that credibility dispute will affect the outcome of the case. There is no genuine issue of material fact if the relevant evidence in the record, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the party opposing summary judgment. *Id.*

2. The UCC 3-603 Tender of Payment:

>   (a) If tender of payment of an obligation to pay an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.
>
>   (b) If tender of payment of an obligation to pay an **instrument** is made to a **person entitled to enforce** the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an **indorser** or accommodation **party** having a right of recourse with respect to the obligation to which the tender relates.
>
>   (c) If tender of payment of an amount due on an <u>instrument</u> is made to a <u>person entitled to enforce</u> the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If <u>presentment</u> is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

---

**Under UCC 3-603, the extent of discharge when a tender of payment is made is defined by discharging the debtor from liability to the extent of the amount tendered.**

V.  Analysis & Application of Law

As explained, there are no genuine issues of material fact in this case, and Petitioner is entitled to judgment as a matter of law in her favor.

**UCC 3-603(b) states even if the tender is refused, there is discharge, to the extent of the amount of the tender…,**

It is undisputed that Petitioner has stayed in honor and tendered Negotiable Instruments in order to fulfill any outstanding obligation as Negotiable Instruments serve a dual purpose of credit transfer and contractual obligations.

It is also undisputed that Defendants accepted the Negotiable Instruments and Never returned them back to Petitioner, and to date All Defendants have failed to set off, settle and discharge the alleged debt. Thus, for the record it should be noted that all Defendants have failed to honor their contractual obligations and are in Dishonor.

VI.  **Conclusion**

Your Honor, For the reasons set forth above and for the record, I want to settle this matter with today's filing and close the court services. Therefore, I respectfully request your honor let the record reflect the above request and grant my Motion for Summary Judgment of discharge and settle this matter immediately. If there are still disputes, Your Honor, Please have All Defendants render the accounts to this court within 5-days of receiving this filing as I wish to settle this matter without delay, close the account and have you issue the order of the court to me as soon as possible.

I, Theya Kanagaratnam, declare under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Respectfully submitted:

**Dated:  February 3rd, 2025**

_____
Theya Kanagaratnam
Beneficiary
Without Prejudice
All Rights and Liberties Reserved.

---

**Under UCC 3-603, the extent of discharge when a tender of payment is made is defined by discharging the debtor from liability to the extent of the amount tendered.**

Case: 24-40209    Doc# 45    Filed: 02/03/25    Entered: 02/03/25 15:55:36    Page 4 of 5

— 4 —

CERTIFICATE OF SERVICE

The Motion for Summary Judgement is placed in the Mail via United Postal Service on this 3rd day of February 3, 2025 to the following parties:

Robertson, Anschutz, Schneid & Crane LLP
c/o Theron S. Covey
Attorney for US Bank
1 Park Plaza, Suite 600
Irvine, CA 92614

******************************************

SELENE FINANCE
c/o Robert Lay, CFO
3501 Olympus Blvd., Suite 500
Dallas, TX 75019
******************************************

TIFFANY & BOSCO, P.A.
c/o Richard L. Stevenson, Esq.
Attorneys for Citi Bank, N.A.
1455 Frazee Rd., Ste. 820
San Diego, CA 92108
******************************************

CENLAR FSB
c/o David Schneider, CFO
425 Phillips Blvd.
Ewing, NJ 08618
******************************************

DATED this 3rd day of February, 2025

By: _Theya Kanagaratnam_
Theya Kanagaratnam
Beneficiary

All Rights and Liberties Reserved.

---

**Under UCC 3-603, the extent of discharge when a tender of payment is made is defined by discharging the debtor from liability to the extent of the amount tendered.**

Case: 24-40209    Doc# 45    Filed: 02/03/25    Entered: 02/03/25 15:55:36    Page 5 of 5