United States Bankruptcy Court
Northern District of California

In re:                                                                            Case No. 24-40209-WJL
Theya Prakashini Kanagaratnam                                     Chapter 7
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0971-4                               User: admin                                   Page 1 of 1
Date Rcvd: Jul 09, 2025                          Form ID: pdfeoc                              Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**      **Definition**
+                 Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2025:**

**Recip ID**             **Recipient Name and Address**
db                   +   Theya Prakashini Kanagaratnam, 2316 Lakeshore Avenue #16, Oakland, CA 94606-1055

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2025                                  Signature:                  /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2025 at the address(es) listed below:**

**Name**                                **Email Address**

David Coats
                                        on behalf of Creditor U.S. BANK TRUST NATIONAL ASSOCIATION dacoats@raslg.com

Office of the U.S. Trustee/Oak
                                        USTPRegion17.OA.ECF@usdoj.gov

Paul Mansdorf
                                        paul@mansdorftrustee.com Paul.Mansdorf@txitrustee.com,ecf.alert+Mansdorf@titlexi.com

Richard L. Stevenson
                                        on behalf of Creditor CITIBANK N.A. rls@tblaw.com

Theron S. Covey
                                        on behalf of Creditor U.S. BANK TRUST NATIONAL ASSOCIATION tcovey@raslg.com

TOTAL: 5

The following constitutes the order of the Court.
Signed: July 9, 2025

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re | Case No. 24-40209 WJL |
| Theya Prakashini Kanagaratnam, | Chapter 7 |
| Debtor. | |

**MEMORANDUM REGARDING DEBTOR'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court upon *pro se* Debtor's Motion for Summary Judgment, which, among other things, challenges Creditors US Bank & Selene Finance and Citibank & Cenlar's standing to enforce their liens pursuant to a Deed of Trust. (Dkt. # 45).

Notwithstanding the Debtor's requests for various relief and the purported factual and legal support, the Court lacks the authority to provide the Debtor's requested relief because the Debtor received a discharge in their Chapter 7 case on June 5, 2024. To the extent that the Creditor had rights concerning Debtor's Real Property at the outset of the case, the automatic stay enjoining them from exercising all available rights and remedies with respect to the real property collateral under the Deed of Trust was terminated on the date of discharge. Under § 524(a)(2), a creditor's right to foreclose on collateral survives bankruptcy, notwithstanding the discharge of personal liability. *Johnson v. Homes State Bank*, 501 U.S. 78, 82-83, 111 S.Ct 2150, 2153, 115 L.Ed 2d 66, 73-74, 24 C.B.X.2d 1171, 1175 (1991).

To the extent that the Debtor is requesting injunctive and other equitable relief, the Court finds that the requests suffer from various lethal procedural and substantive defects. For example, the Debtor failed to comply with the Federal Rules of Bankruptcy Procedure 7001(7), which requires a party to file an adversary proceeding when requesting to obtain an injunction or other equitable relief. *See* Fed. R. Bankr. Proc. 7001(7). Further, the Motion was not prepared as a formal complaint and is devoid of some rational basis for the requested relief. It is also unclear to the Court whether the Motion was sufficiently served on all affected parties.

Accordingly, upon due consideration of the Debtor's Notice, the governing law, and the balance of the record, the Court HEREBY ORDERS as follows:

1. The Court lacks authority to consider the purported requests for injunctive and equitable relief contained in the Motion because the Debtor received a discharge, and the Secured Creditors are thus entitled to foreclose on their collateral.

2. To the extent that the Motion constitutes an attempt to seek other forms of injunctive or equitable relief, that request is DENIED because the Debtor has not requested such relief and has not articulated some rational basis therefor.

**\*\*END OF ORDER\*\***

# COURT SERVICE LIST

**Theya Prakashini Kanagaratnam**

2316 Lakeshore Avenue #16

Oakland, CA 94606